**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Abigail C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 25-cv-50297 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Frank Bisignano, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, Abigail C., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. For the reasons set forth below, the Court remands the Commissioner's decision.

## BACKGROUND

### A.    Procedural History

On May 2, 2022, Abigail C. ("Plaintiff") protectively filed an application for supplemental security income, alleging disability beginning April 22, 2022. R. 14. The Social Security Administration denied her application initially on December 27, 2022, and upon reconsideration on July 26, 2023. *Id.* Plaintiff filed a written request for a hearing and on November 28, 2023, a telephonic hearing was held by Administrative Law Judge ("ALJ") Lana Johnson where Plaintiff appeared, testified, and was represented by counsel. *Id.* Matthew Lampley, an impartial vocational expert ("VE"), also appeared and testified. *Id.*

### B.  The ALJ's Decision

In her ruling, the ALJ followed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one of the five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 2, 2022, the application date. R. 16. At step two, the ALJ found that Plaintiff had the following severe impairments: autism spectrum disorder and social anxiety disorder. *Id.* The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpt. P, App. 1. R. 17.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: can understand, remember, and carry out simple, routine, and repetitive instructions; cannot meet fast-paced hourly production goals, such as on an assembly line, but is able to meet end of day goals; can use judgment limited to simple work-related decisions; can tolerate occasional interaction with supervisors and coworkers, but is not able to perform tandem or coordinated tasks with coworkers; and is not able to interact with the general public. R. 18.

At step four, the ALJ found that transferability of job skills was not an issue because Plaintiff did not have past relevant work experience. R. 21. Finally, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including industrial sweeper, laundry laborer, and sorter. R. 22. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time since May 2, 2022, the date the application was filed. *Id.*

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cain v. Bisignano*, 148 F.4th 490, 496 (7th Cir. 2025) (quoting *Crowell v. Kijakazi*, 72 F.4th 810, 813 (7th Cir. 2023)). "Substantial evidence is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 97, 103 (2019) (citations omitted). "Whatever the meaning of 'substantial' in other contexts," the Supreme Court has emphasized, "the threshold for such evidentiary sufficiency is not high." *Crowell*, 72 F.4th at 813 (citation modified) (quoting *Biestek*, 587 U.S. at 103). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations, *id*. at 814 (citing *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)), and "confines its review to the reasons offered by the ALJ." *Green v. Astrue*, No. 11 CV 8907, 2013 WL 709642, at *7 (N.D. Ill. Feb. 27, 2013). As the Seventh Circuit has made clear, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citations omitted). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054 (citation modified).

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025) (citation modified). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, re-weighing or resolving conflicts in the evidence, or deciding questions of credibility." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). The court's "review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Id*. Additionally, an ALJ "need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."

*Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (quoting *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021)); *see also Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

## DISCUSSION

Plaintiff argues that remand is warranted due to the following errors: (1) the Appeals Council improperly denied review of new and material evidence; (2) the ALJ failed to properly assess a medical opinion; and (3) the ALJ's decision did not sufficiently address the paragraph C criteria when evaluating Plaintiff's mental impairments. The Court finds that the ALJ erred in her analysis of the medical opinions and provided an insufficient analysis of the paragraph C criteria. The Court therefore remands the case for further proceedings consistent with this opinion.

### Analysis of the Medical Opinions

When assessing medical opinion evidence, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c. Instead, the ALJ must consider factors such as supportability, consistency, relationship with the claimant, and length of the treatment relationship. 20 C.F.R. § 404.1520c(a), (c). Among these, supportability and consistency are the most important factors, and the ALJ is required to explain how the ALJ considered these two factors in their determination or decision. *Patrice W. v. Kijakazi*, No. 20 CV 02847, 2022 WL 2463557, at *3 (N.D. Ill. July 6, 2022) (citing 20 C.F.R. §404.1520c(b)(2)). In assessing the supportability factor, a medical opinion is considered more persuasive "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)." 20 C.F.R. § 404.1520c. In assessing the consistency factor, an ALJ should consider the consistency of the medical opinion with "the evidence from other medical sources and the nonmedical sources in the claim." *Id.*

Plaintiff argues that the ALJ improperly discredited the opinion of Dr. Jason Soriano, a neuropsychological examiner, by relying on findings that she contends were selective and irrelevant to the impairments at issue. Dr. Soriano opined that Plaintiff's extensive limitations in multiple areas of functioning would prevent her from living independently or maintaining full-time employment. R. 20-21. Dr. Soriano assessed Plaintiff with extreme limitations in interacting with others and managing oneself in the workplace; marked limitations in understanding, remembering, and applying information as well as maintaining pace and adapting in the workplace; and moderate limitations in concentrating and persisting. R. 795. The ALJ found Dr. Soriano's assessment unpersuasive because while it was supported by exam results that indicated social anxiety and autism spectrum disorder[1], the opinion was inconsistent with mental status examinations containing "no suicidal or homicidal ideations, good impulse control, no hallucinations, normal judgement and memory and orientation within normal limits." R. 21. The ALJ further discredited Dr. Soriano's opinion because it was inconsistent with an assessment provided by Jamie Houseman, LCSW, which indicated milder limitations. *Id.*

---

[1] The ALJ also noted that Dr. Soriano's opinion was supported by exam results that indicated "delayed processing speeds, mathematical challenges, difficulty understanding social nuances and social limitations." R. 20-21.

3

The Court finds that the ALJ improperly considered the consistency factor when assessing Dr. Soriano's opinion. At the outset, it is unclear to the Court how suicidal or homicidal ideations or hallucinations are at all pertinent to Dr. Soriano's findings, particularly as it concerned Plaintiff's alleged symptoms related to autism and social anxiety. Crucially, in finding Dr. Soriano's opinion inconsistent with mental status examinations, the ALJ appeared to engage in impermissible cherry-picking by extracting two notations from the medical record while ignoring any contrary evidence. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (citation omitted) ("An ALJ . . . cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). For example, the ALJ cited a normal mental status examination contained in treatment records from Sinnissippi Centers while disregarding its reference to Plaintiff's severe social anxiety symptoms, including stomach pain, flushing, and excess sweating. R. 618, 620. The ALJ also cited a single wellness exam that occurred on July 18, 2023, which noted Plaintiff's intact judgment, lack of hallucinations or delusions, and lack of homicidal or suicidal ideations while ignoring that she was found with an anxious mood and affect, was accompanied by her mother, and was working with RAMP to assist with job placement due to autism. R. 745-47. Moreover, the ALJ discredited Dr. Soriano's opinion as inconsistent with Ms. Houseman's assessment. However, Ms. Houseman's assessment is incomplete, as she did not fill out many portions of the mental impairment questionnaire, and omitted Plaintiff's autism diagnosis, which her own treatment notes repeatedly referenced. R. 768-796.

In response, the Commissioner contends that the ALJ's consistency finding was supported by her broader RFC discussion, which referenced a "host of examination findings" and three medical opinions that opined to milder limitations. [16], p. 7. However, the Commissioner offers a rationale that the ALJ did not provide, and the Court's review is confined to the reasoning that the ALJ actually provided. *See Zellweger v. Saul*, 984 F.3d 1251, 1254 (7th Cir. 2021) (noting that under *Chenery*, a reviewing court must generally confine its review to "the agency's actual rationale for its decision, not an after-the-fact justification") (citing *SEC v. Chenery*, 318 U.S. 80, 87-88 (1943)). Here, the ALJ found Dr. Soriano's opinion inconsistent with excerpted mental status examinations from one intake session at Sinnissippi Centers and one wellness visit. The ALJ further discredited Dr. Soriano's opinion based on mental status examinations that were not probative of the medical opinion or impairments at issue, and relied on Ms. Houseman's incomplete assessment. The Court finds that the ALJ's analysis was improper and therefore finds that remand is required on this issue.

### **Listings Analysis**

Plaintiff also contends that the ALJ did not sufficiently address the paragraph C criteria when assessing Plaintiff's mental impairments under listing 12.06. Specifically, Plaintiff contends that the ALJ's analysis of the paragraph C criteria was so lacking that it was unclear on what basis she failed to meet the criteria. The Court finds that the ALJ provided a perfunctory analysis of the paragraph C criteria for listing 12.06 and remand is required on this issue as well.

A claimant is considered presumptively disabled and eligible for benefits if she has an impairment that meets or equals an impairment found in the listing of impairments. 20 C.F.R. § 404.1520(d). To demonstrate presumptive disability under listing 12.06 (anxiety and obsessive-compulsive disorders), a claimant must satisfy the paragraph A criteria in addition to satisfying

4

either the paragraph B or C criteria as set forth in the listing. *See* 20 C.F.R. pt. 404, subpt. P, App. 1, § 12.06. A claimant satisfies the paragraph C criteria if she has a medically documented history of the existence of a "serious and persistent" mental impairment over a period of at least two years and has evidence of both: (1) ongoing treatment or a highly structure setting, and (2) marginal adjustment, meaning she has "minimal capacity to adapt to changes in [her] environment or to demands that are not already part of [her] daily life." *Id.* "In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). An ALJ's reasoning why a claimant "is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a . . . court to determine the basis for the finding about medical equivalence at step 3." SSR 17-2p, 2017 WL 3928306, at *4.

The Court finds that the ALJ provided a perfunctory analysis of the paragraph C criteria. At step three of the sequential analysis, the ALJ found that Plaintiff's impairments from social anxiety singly and in combination did not meet or equal the criteria for listing 12.06. R. 17. In finding that Plaintiff did not meet the paragraph C criteria, the ALJ's analysis was as follows:

> In this case, the evidence fails to establish the presence of the "paragraph C" criteria. The medical record is void of evidence substantiating the claimant having a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both: 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structure setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and 2. Marginal adjustment, that is you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

R. 18. Beyond reciting the paragraph C criteria, the ALJ provided a conclusory finding while failing to specify on what basis Plaintiff failed to meet the paragraph C criteria. Additionally, the ALJ did not elaborate any further elsewhere in her decision to provide a rationale sufficient for this Court to determine her reasoning. Without more, the Court is left to surmise what portions of the ALJ's decision are intended to address criteria such as evidence of ongoing treatment or marginal adjustment. The ALJ failed to build the necessary logical bridge between the evidence and her determination, and this error is not harmless. *Bakke*, 62 F.4th at 1066. The Court therefore finds that the ALJ's error here in addition to her improper analysis of Dr. Soriano's medical opinion warrant a remand.

Because the Court remands the ALJ's decision for erring in her analysis of the medical opinions and paragraph C criteria, the Court need not address Plaintiff's additional arguments. In omitting other issues raised by Plaintiff in this opinion, the Court is not opining that other portions of the ALJ's decision were without error. Accordingly, on remand, the Commissioner should take care that when analyzing Plaintiff's mental impairments, the paragraph B criteria are appropriately addressed and tied to findings that are relevant to each area of functioning. Plaintiff should raise all arguments regarding any other alleged errors by the ALJ on remand.

## CONCLUSION

For the foregoing reasons, the Court remands the Commissioner's decision.


Date: June 16, 2026                                ENTER:

_Margaret J. Schneider_
United States Magistrate Judge